UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES E. JUSTISE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00621-JPH-TAB |
| | ) | |
| MATHIAS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
SCREENING COMPLAINT, AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff Charles E. Justise, an inmate at the Miami Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 against three judges of the Indiana Court of Appeals. For the reasons discussed in this Order, his motion to proceed *in forma pauperis* is denied, the complaint is dismissed, and Mr. Justise shall have an opportunity to show cause why this action should not be dismissed.

**I. Motion to Proceed *in Forma Pauperis***

Mr. Justise seeks leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, prisoners who have accrued three "strikes" by filing actions or appeals dismissed as frivolous are barred from bringing another action in federal court without prepayment of fees unless the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Mr. Justise was notified in *Justise v. Mr. Young, et al.*, 1:06-cv-1256-DFH-VSS (Aug. 24, 2006), that he is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) because he has filed several actions that were dismissed as frivolous.

1

Apparently in an attempt to take advantage of the exception to the rule which allows an inmate who has accumulated three strikes to proceed *in forma pauperis* when the inmate alleges imminent danger of serious physical injury, Mr. Justise asserts in his complaint that he is at risk from threats by a prison gang. Mr. Justise states that these gang members are holding off on their threats until this case is resolved. But this assertion is not related to the claims in his complaint, which are that the defendants – who are all Indiana Court of Appeals Judges – mishandled his appeal. This allegation is therefore insufficient to show that he is entitled to proceed without prepaying the filing fee even though he has incurred three strikes. *See Renoir v. Davidson*, 2008 WL 2944893 (E.D. Wis. July 25, 2008) (declining to consider allegations not related to claims in complaint when making imminent danger determination) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007); *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)). If Mr. Justise truly feels threatened by other prisoners, he should seek relief through the appropriate avenues at his facility and in a lawsuit, which asserts those claims an is filed in the proper venue.

Mr. Justise's motion to proceed *in forma pauperis* is therefore **denied**.

## II. Screening of the Complaint

Because Mr. Justise is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Mr. Justise sues three judges of the Indiana Court of Appeals who ruled on an appeal of his criminal conviction. He claims that these judges violated his First Amendment right to seek redress of his grievances by failing to address the claims he raised on appeal.

Based on the screening standard set forth above, the complaint must be dismissed because the judges are entitled to judicial immunity from the claims Mr. Justise presents. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004). In assessing whether a defendant is entitled to judicial immunity, the Court considers "'whether it is a function normally performed by a judge' and the 'expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Kowalski v. Boliker*, 893 F.3d 987, 998 (7th Cir. 2018) (quoting *Stump*, 435 U.S. at 362). The Court also asks, "whether the act 'involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge.'" *Id.* (quoting *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005)). Mr. Justise contends that the judges are not entitled to judicial immunity because they did not consider all of the claims he presented in his appeal. But his claims are based on acts that fall directly within the defendants' jurisdiction. Resolving arguments presented to them are at

the core of the defendants' judicial function. They are therefore entitled to judicial immunity from these claims and Mr. Justise's complaint must be **dismissed**.

### III. Conclusion Opportunity to Show Cause

For the reasons discussed above, Mr. Justise's motion to proceed *in forma pauperis*, dkt. [3], is **DENIED** and complaint must be dismissed. He shall have **through March 26, 2020**, pay the $400 filing fee and to show cause why this action should not be dismissed because the defendants he has sued are entitled to judicial immunity.

**SO ORDERED.**

Date: 3/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES E. JUSTISE, SR.
921730
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only